I think this is another wonderful case where the mediation of Judge Smith may be able to have us resolve this immediately. Mr. Straub was, as I alerted the Court, Mr. Straub was released. We believed at the time, and Mr. Straub believed and represented to me, that he was released on the bond which the immigration judge has imposed, the $25,000 cash bond, but with a number of other restrictions which are extremely onerous and arbitrary and capricious. For instance, let me just notice these. They're in the record at pages 44 to 45. They require that Mr. Straub reside with his mother, that he report weekly, telephonically to ICE, that he monthly check in in person, that he has no permission to work, and that he cannot even get a driver's license. He may not travel more than 50 miles without ICE's permission, 50 miles from his residence, and he cannot consume alcohol. These are all conditions which the immigration judge set at the bond hearing. We believe that this case was not moot even after he was released because of the arbitrary and capricious way in which these conditions were imposed. Just this week, Mr. Betchwey filed with his court a copy of the order of supervision on which Mr. Straub was released. My understanding, Mr. Straub's understanding, was that he was released on the bond and that the bond entailed the conditions which the immigration judge had put in his written order. Counsel, we've got another one of these procedural conundrums. Yes. Yes. The conditions that you refer to, are they not fairly standard conditions that IJs impose on people in this situation? I have never seen an IJ impose a condition such as these. Is there anything in the record that would indicate why the IJ imposed the unusual conditions to which you make reference? Well, certainly the decision seems, tries to justify why Judge Staten not only imposed such a high bond, $25,000, but also why he Money, or is it the other conditions? It's both, Your Honor, because the bond was exceedingly high for someone. Mr. Straub has been in continuous custody of the State and Federal Government for over a decade. He has no income. He has no way he could meet a bond of $25,000 cash bond. But eventually, his mother and relatives were able to find a bondsman who, on very difficult terms, did agree to post the bond. Mr. Bond, it is not in the record, but I can represent it to the Court, that the bond premium is $1,500 a month. A month? A month. And Mr. Straub $25,000 bond? Because they did not have any property to secure the bond, the promissory note to the bondsman. So they had to agree to a very high premium. Mr. Straub is not allowed to work. His understanding of the judge's requirements is that he cannot work, either for his own upkeep or to contribute to his mother's paying off the bond premium. That's why we felt that this case, even though he had been released, that the conditions that are imposed were imposed because of the due process violations at the bond hearing, and therefore it was not moot. But I get to the order of supervision, which Mr. Betchley filed the other day. The order of supervision does not reflect any of these conditions. In fact, it's just simply the standard conditions that would apply for most detainees released on supervision. They don't restrict his work. They don't restrict his travel, except that he must stay within California. It doesn't require him to live at a particular address, but that if he moves his residence, that he notify ICE within a certain number of days. These are all unobjectional conditions on supervision. Before the session, Mr. Betchley and I were talking about this, and we think that perhaps if we could, Mr. Betchley, be willing to stipulate here on the record that ICE will not impose any conditions except those which are specifically listed in the order of supervision. Therefore, the ---- This is with respect to Mr. Straub, right? Mr. Straub, correct. And that, therefore, he is not subject to those onerous conditions he objected to that were imposed by the immigration judge. There's still the matter of the $25,000 bond, which in my experience is far higher than ICE usually imposes on people. The ICE bonds are usually much lower than the immigration judge bonds. I personally have had clients with much worse criminal records released on much lower bonds, if a bond at all. It's rare for ICE to impose a bond at all. But I have had a client with an attempted murder conviction who was released on a $7,000 bond, or someone with an armed robbery conviction was released in our office on a $5,000 bond. Mr. Straub's underlying conviction, I assume he was picked up by the state, and then when he got through with the sentence, he was taken into custody by ICE. Correct. His final conviction just overlapped with his going into ---- What was the state conviction? Mr. Straub has a 22-year-old burglary conviction, a 14-year-old joyriding conviction, and a 12-year-old petty theft with a prior conviction. That's the conviction that put him into federal custody. So he has very stale convictions. I understood the situation in the prior case in Chan over with China. What's the situation with Guatemala? Why can't they ---- This court denied a stay on Mr. Straub's petition for review that's now pending before the court. ICE is perfectly free to remove him, and all the time the stay, I believe, was denied in March of this year. It's now November. I have no ---- He has no information from ICE. He's not been notified to report. Do you have another appeal pending before this court? Mr. Straub has a pro se petition for review now pending with this court. I see. It was, again, an extremely procedurally complicated case that was originally on petition. So he cannot be deported until our court resolves that question. Got it. Well, no. Excuse me, Judge Biden. Let me take that back. He can be deported because, in fact, he does not have a stay. This court denied the stay. But he is ---- Traditionally, ICE has not removed people when there is an appeal pending. Traditionally. But his pro se might fall under Custis-Castro-Young, would it not? I don't think so because he doesn't have the stay. I mean, the stay was a necessary element. But he is seeking a stay of some type, I gather, right? Well, he did ask for a stay, and the court denied it. And he's now asking for reconsideration. Is that right? No, no. He has nothing pending now. No, he does. He has a petition for review. That's my point. Oh, yes. He's seeking relief. In my four years, all I've seen is every time somebody has any kind of a petition pending before our court that ICE doesn't try to remove people. Well, Your Honor, there was a recently published case where, in fact, there was a stay in place, and ICE did remove him. Even though there was a stay in place. Well, ICE violated the law. Yes. That's a different matter. But, yeah, it may be a custom, it may be a tradition that ICE does it, but there is no reason under the law. In fact, perhaps there is a statutory duty for ICE to try to remove him when there's no stay. They have 90 days to remove someone once the stay is lifted. And if they don't do that, well, then they're, again, violating the law. We've had cases in the past where the authorities, immigration authorities, are notified of a stay, but yet close their eyes and the man in India sent them all the way back to India and had to bring them back here knowing that a stay was an issue. In fact, Your Honor, that recent case was a client who had been in our office, that there was a stay in place and he was nevertheless removed. I don't know what the problem is. ICE has been free to remove him since March. He's not been removed. What do you want us to do? Your Honor, I think maybe if Mr. Vetri said he's willing to do that, stipulate here on the record that no conditions will be imposed on Mr. Straub apart from the ones that are already listed in his order of supervision. What about the bond? The bond, I believe that maybe he only has administrative remedies to go back and ask them to reduce that because it's way out of proportion to the bonds that ICE usually imposes. Can we dispose of this case in that fashion? I don't know. This is kind of out of order here, but are you willing? It sounds like you've talked about this before. Are you willing to stipulate to that that he would have an administrative remedy only with respect to the bond but with respect to the conditions that they would be only those that were imposed by? Who imposed the ones that you agree with? Those were imposed by ICE. Right. Yes. Is the government prepared to agree to that in this case? Well, I would just, I think in principle, I think what I would add is, okay, this is like the Chin case. He is under 241.13. He's post-order. It's unusual because this Court denied his stay of removal request in the Petition for Review proceedings. Okay. So that makes him post-order. So, yes, it would be the same assurance I gave in the Chin case. And I guess the only problem is that we have the, I guess it's the Court. Who was it that gave the order with the additional condition? Immigration judge. Immigration judge. And the immigration judge's order is now vacated because it's a, but what happened in effect was that ICE adopted the amount of money that the IJ had set. The money part is going to have to go back administratively. But the conditions are. I'm asking, it sounds to me like what Mr. Fein is saying is that if the government is prepared to agree that the conditions that were released other than the bond part would be those that were imposed customarily and I guess in this case was imposed by the IJ, is that right? Correct. That we can dispose of this case. We've got some very complex procedural issues here we're going to have to rule on which are very tough. We'd just as soon not reach them if we can avoid it and do justice in this case. Is this something you can help us with? I think so, Your Honor. The way I want to state it, to make sure I'm not leaving a loophole here, is that the conditions are what they are stated to be in the order of supervision and they do not incorporate the immigration judge's harsher restrictions. So your understanding is the immigration judge's prior harsher requirements are basically gone at this point? Yes, Your Honor. Now, if ICE or DHS were to decide that they wanted to implement more strict conditions or take him back into custody, we would look to 241.13. He would have had violated conditions or we would have gotten a travel document. Is this something that you can work out between you and then you would submit a voluntary dismissal of the appeal or is this something you need to work out through our mediation unit? Could I just add one thing, Your Honor, as far as the money, the bond goes? Yes. I would say that now that he is post-order, the standard of review is reasonableness under the Doane decision of this Court. And I would suggest that it's not just an administrative request. He could — Mr. Fife could bring a new petition, a habeas petition, arguing that under Doane this is not reasonable. This is a new claim. This would be a new claim. He could do that. I mean, that is — Where does he bring that claim? District court. District court. He can try administratively to get the bond amount reduced or because the premium is so high he could explain that. But if he doesn't get anywhere there, he can go to district court. And under the Doane decision, he can get a reasonableness review. With respect to the non-monetary conditions, I guess following up on Judge Avivy's question, would it be better — it sounds to me like the two of you can probably work this out in some kind of an agreement. I don't know if we can withhold submission for now pending — based on some time framework. If we don't hear from you, then we have to go forward. But — Well, why don't you just go into a room and just write it out? Well, okay, but I don't know what the dispute is. I mean, I don't know that there's a dispute, Your Honor. There's nothing to work out. The order of supervision states what it states. And there's nothing for me to compromise or to — All right. Mr. Fife, what do you need? All right. Mr. Straub has told me that he understood — Yeah, yeah. He understood from his ICE supervisor that they were imposing the conditions that Judge Staten had imposed, the work condition and stuff. So it was his understanding. That's exactly why he felt like he needed to have that changed. I tell you, Mr. Straub was even willing to go back into custody so that the bond could be exonerated and he could take the burden off his mother. He was willing to go back into custody after being in the custody for six years. Do you need a letter from the U.S. Attorney's Office just stating that it is the U.S. Attorney's Office understanding that the conditions imposed by the I.J. are no longer in effect? Well, in Mr. Straub's very case, what happened in the petition review is that the counsel got together, did a written stipulation, submitted it to the court. It was made a record to the court, and that became part of the decision. I believe we could do the same thing now. It would be a short written stipulation, which we could return to the court. That's what you want to do. Do it now. And then the bond you'll have to handle separately, either by habeas or by through an administrative procedure? Yes. There isn't anything we can do about the bond at this point. I don't think so, Your Honor, because that's an ICE decision. Talk to the U.S. Attorney's Office and tell them you want a refund. All right. I think that would be great. Join the bond agent here. Your Honor, it was amazing. It was a miracle that we could find a bondsman that would do an immigration bond. That was a miracle in itself. Well, he doesn't have a work permit, does he? No. He was brought to the United States when he was 9 years old. He's never had legal status here. But I have had other clients who were inadmissible, and when they were released under that this other gentleman's allowed to work. Mr. Chan, you mean? Mr. Chan. Yes. That's been my experience, that those released on supervision can are the supervisor's help. Google. Yes. So I believe we can. Why can't why what's the problem with Trump being allowed to work? The problem was that the immigration judge said he can't. And so he was understood that he was bound by the immigration judge. So those conditions are off. Right. And I think this will be the great news I can convey to him today. So bottom line, it sounds like we're all in agreement here. Yes. That if you two gentlemen want to put in writing what you want, we can start with the next case, and then you come back in, and then we can settle it. Submit it to the court. And then we can settle this case and be done with it. Yes. We're like trial lawyers here. This has been a great mediation. Well, I have a chocolate cake for you. Thanks very much. Your Honor, I'm sorry. Yes. This is the presiding judge. I don't think that's our deal, are you? We're coming back in person. Yeah. Yeah, yeah. Go do it. Go do it. All right. So we'll see you. You're going to follow them with the dogs, huh? Make sure they don't escape. Okay. We've got one more case. You guys won't take long, will you? No, no. They're fast. Okay. Isaacs v. Central Myth Pictures. And let's see.
judges: Pregerson, Bybee, Smith M.